Richardson, Ch. J.,
delivered the opinion of the court:
This case, upon the facts, can not be distinguished in any principle of law from Ide’s Case, reported in the twenty-fifth Court of Claims Report, 401, except in one particular.
Here we have an order, issued by the Adjutant-General in the name of the Secretary of War, which purports to be “by direction of the President,” assigning an officer by name to the claimant’s regiment, “wee Armstrong dismissed.”
It is contended on the part of the defendants that this order was a recognition by the President of the dismissal of the claimant, and therefore an approval of the proceedings and sentence of the court-martial. In that the facts are stronger against the claimant than were those in Ide’s Case.
We said in Ide’s Case:
“ In time of peace, at least, an officer is not obliged to obey an illegal order. If such an order dismissing a subordinate from office be issued by a superior, but not by the highest officer .in authority, the subordinate is not left without some obligations resting upon him. It becomes his duty at once, or within a reasonable time, to appeal to the highest authority for revocation, modification, or correction of the illegal order. If he obeys and submits to the order without appeal and without objection for an unreasonable length of time, he must be held to have abandoned all title and claim to the office and to its emoluments, and to have waived his right to both.”
The claimant took no exceptions to the order for his dismissal, performed no further service, and offered to perform none, presented no petition to President Grant during the then remaining seven years of his official terms, and did not complain until nearly twelve years after he had left the service, when he addressed a letter to President Hayes, set out in finding iy.
During all these years, like Ide, by his own actions, he led the War Department to assume and to act upon the assumption that he voluntarily submitted to the order of dismissal and acquiesced therein, and thus subjected the defendants to the expense of providing other officers to perform the service for which he now seeks compensation to the extent of $38,988.87.
Upon the authority of and for the reasons stated in the opinion in Ide’s Case we hold that the claimant has no cause of action, and that his petition must be dismissed.